1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HABITAT FOR HUMANITY,                    No. 1:18-cv-00291-DAD-EPG

12                  Plaintiff,

13        v.                                  ORDER SUA SPONTE REMANDING
                                              MATTER TO THE STANISLAUS COUNTY
14   DESIREE TYNER,                           SUPERIOR COURT

15                  Defendant.

16

17         This is an unlawful detainer action brought by plaintiff Habitat for Humanity against

18   defendant Desiree Tyner.  On March 1, 2018, defendant removed this case from the Stanislaus

19   County Superior Court.  (Doc. No. 1.)  Defendant asserts that removal is proper because "the

20   resolution of Plaintiff's claims will require adjudication of disputed questions of federal law" and

21   because "Plaintiff and Tyner are citizens . . . of different states, and the amount in controversy

22   will exceed $75,000."  (*Id.* at ¶¶ 5, 8.)

23         A district court has "a duty to establish subject matter jurisdiction over the removed action

24   *sua sponte*, whether the parties raised the issue or not."  *United Investors Life Ins. Co. v. Waddell*

25   *& Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute, 28 U.S.C. § 1441, is

26   strictly construed against removal jurisdiction.  *Geographic Expeditions, Inc. v. Estate of Lhotka*,

27   599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582

28   F.3d 1083, 1087 (9th Cir. 2009).  It is presumed that a case lies outside the limited jurisdiction of

the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Where it appears that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838; *Duncan*, 76 F.3d at 1485. Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at 1014. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks

2

somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

In addition, federal courts may exercise "diversity jurisdiction" when the parties are in complete diversity, i.e. that citizenship of each plaintiff is different from that of each defendant, and the amount in controversy exceeds $75,000. *See Hunter*, 582 F.3d at 1043; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1332(a). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2002). Where it is "not facially evident from the complaint that more than $75,000 is in controversy," defendants in the state action are required to prove, "by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Here, defendant has not shown that removal of this action to this federal court is appropriate. As a preliminary matter, defendant failed to attach to her notice of removal the complaint filed in state court. Although defendant alleges that plaintiff's complaint "will require adjudication of disputed questions of federal law" because the complaint "contains issues that fall under FDCPA, RESPA, [and] PTFA," (Doc. No. 1 at ¶ 5), the complaint is not before the court. It is the "plaintiff's statement of his own claim," *California*, 215 F.3d at 1014, not the defendant's characterization thereof, that serves as the basis for removal. Because the court has no basis upon which to determine whether federal question jurisdiction exists "on the face of the plaintiff's properly pleaded complaint," *id.*, defendant has failed to properly invoke this court's federal question jurisdiction.

Nor does defendant properly invoke this court's diversity jurisdiction. For jurisdiction to be proper on this basis, there must be both complete diversity and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Once again, because the state court complaint is not before the court, and the notice of removal otherwise contains only a conclusory allegations regarding diversity, the court cannot determine whether the parties are diverse or whether it is "facially evident from the complaint that more than $75,000 is in controversy." *Valdez*, 372 F.3d

3

at 1117. Having reviewed defendant's notice of removal, the court concludes that defendant failed to provide facts necessary to establish the requisite amount in controversy by a preponderance of the evidence. *Id.* Moreover, even if diversity of citizenship exists, defendant cannot properly remove the action because defendant resides in the forum state. (*See* Doc. No. 1 at ¶ 8; *see also* 28 U.S.C. § 1441(b)(2).)

Based on the foregoing, remand to the Stanislaus County Superior Court is appropriate and mandatory. 28 U.S.C. § 1447(c); *Geographic Expeditions*, 599 F.3d at 1107; *Bruns*, 122 F.3d at 1257.

Accordingly,

1. This action is REMANDED forthwith to the Stanislaus County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and

2. The court DIRECTS the Clerk of the Court to close this action.

IT IS SO ORDERED.

Dated: __**March 20, 2018**__

_____
UNITED STATES DISTRICT JUDGE